(Decided 15th March, 1888.)

---

William C. Turnbull *vs.* Alfred Maddux.

*Promissory note—Waiver by Indorser of Notice of Non-payment—Evidence of Waiver.*

Notice of the non-payment of a note at its maturity is the privilege of the indorser, but it is a right which he may waive; and he is considered to have waived such right, if after knowledge that the note was not protested for non-payment, he promised to pay the same.

And the knowledge by the indorser of the non-payment by the maker may be inferred from circumstances.

Appeal from the Superior Court of Baltimore City.

The appellee sued the appellant as indorser of a promissory note made by J. N. Heflebower in favor of the appellant, and by him indorsed to the plaintiff. The note was dated the 15th of January, 1881, and payable one year after date. The suit was brought the 19th of December, 1885.

Turnbull *vs.* Maddux.

*First Exception.*—Stated in the opinion of the Court.

*Second Exception.*—The defendant upon his cross-examination having denied that he had been told by Samuel D. Buck that the drawer of the note was cutting into his capital, the said Samuel D. Buck, was produced by the plaintiff as a witness in rebuttal, and stated that he was a member of the firm of Buck, Heflebower & Nier, from 1874 to 1884, and that their place was a few doors east of Turnbull's; that during the years 1881, 1882, 1883 and 1884, he frequently met Turnbull; that in the year 1881, Heflebower had spent a good portion of his capital, and that he told Turnbull that Heflebower was drawing too much money and was cutting into capital ; that he frequently discussed Heflebower's affairs with Mr. Turnbull during the time mentioned, and that Heflebower's condition got worse each year. The defendant objected to the admissibility of the testimony of Mr. Buck, but the Court (PHELPS, J.) admitted the same. The plaintiff excepted.

*Third Exception.*—The plaintiff offered the following prayer :

If the jury believe that Heflebower made the note in question, and that it was endorsed by the defendant, and that the plaintiff, Maddux, thereupon gave the check for $2500, offered in evidence, and the money was used to pay a note belonging to the sister of Turnbull, on which he was endorser; and if they further find that on the 20th day of February, 1885, or afterwards and before this suit was brought, Maddux asked Turnbull when he was going to pay the note, and he then promised to pay it, or a part of it, when he sold his house ; and if the jury believe he meant the house he then lived in, and that it was sold in April, 1885, then the plaintiff is entitled to recover the amount due on the note, including interest to date, provided the jury believe that when Turnbull so promised to pay said note, he knew that the note had not been presented for payment at maturity, and notice of its non-payment had

Turnbull *vs.* Maddux.

not been given him thereupon; and in determining whether he had such knowledge, they are at liberty to consider, *in connection with the defendant's testimony denying the same,* the testimony bearing upon the relation of Heflebower to Turnbull, the circumstances under which the note was made and endorsed, the financial condition of Heflebower during the year 1881, and when the note matured, the fact that Heflebower was living with Turnbull, the length of time after the note was due when the alleged promise was made, the payment of interest in February and March, 1885; the intimacy of the plaintiff and defendant at and after the time the note was made and matured, and the frequency with which they met prior to the time when said alleged promise to pay was made.

The defendant offered eight prayers as follows:

1. That there is no sufficient legal evidence in this case to enable the plaintiff to recover.

2. That if the jury find from the evidence that John Heflebower made the promissory note offered in evidence, and that the defendant endorsed the same, and that it was not protested for non-payment, and that it was not paid at maturity, and no notice was given to the defendant of such non-payment, and that no demand for payment of said note was made upon the defendant until after the expiration of three years from the date of the maturity of said note, then the plaintiff is not entitled to recover in this case, notwithstanding they may find that after the expiration of said three years the defendant promised to pay the said note, because the plaintiff has not offered any evidence to prove that the defendant, at the time of such promise, knew that said note had not been protested, and not presented for payment at maturity, and not paid, and notice given to defendant of such non-payment.

3. That if the jury find from the evidence that John Heflebower made the promissory note offered in evidence, and that the defendant endorsed the same, and that it was

Turnbull *vs.* Maddux.

not protested for non-payment, and that it was not paid at maturity, and no notice was given to the defendant of such non-payment, and that no demand was made upon the defendant for the payment of said note until after the expiration of three years from the date of the maturity of said note, then the plaintiff is not entitled to recover, unless the jury further find that the defendant at that time, or at some other time within three years next before the bringing of this suit, clearly and unequivocally promised to pay the said note, or acknowledged his liability therefor with full knowledge of the facts, but if the defendant did not at the time of any such promise, know that the note had not been protested for non-payment, or presented for payment at its maturity, and not paid, and notice thereof given to him, then the plaintiff cannot recover.

4. If the jury find the facts stated in the third prayer, and further find that the payment of interest by the defendant, if the jury shall find that it was made by him for J. N. Heflebower, and not for his, the defendant's, own account, or for the purpose of fixing his, the defendant's, liability, cannot be held to bind the defendant.

5. If the jury find the facts stated in the third prayer, and further find that the payment of interest by the defendant cannot, without other evidence, be taken by the jury as an acknowledgment of indebtedness by the defendant, so as to take this case out of the Statute of Limitations.

6. If the jury find the facts stated in the third prayer, and further find that the evidence given by the plaintiff, that the defendant promised him, if the jury should in fact find any such promise was made, and that it was made more than three years after the promissory note for which suit is brought became due, namely, to pay the plaintiff some of the note on which the suit is brought in this case, cannot bind the defendant, because it is too indefinite.

7. If the jury find the facts stated in the third prayer, and further find that even if the jury should find from the

evidence, that the defendant made to the plaintiff, after the expiration of more than three years after the day when the note on which suit is brought became due, a promise that the defendant would pay said note, or some of it, and that said promise was a conditional one, namely, to pay when the defendant sold his house, and that in fact the defendant at that time did not own any house, then the said promise cannot be relied on as evidence of a new promise in this case to take the case out of the Statute of Limitations.

8. That if the jury find the facts mentioned in the third and seventh prayers, and that the defendant's wife had a house which was afterwards sold, the defendant is not entitled to recover on such promise, even if the jury should find that the said house was afterwards sold.

The Court granted the plaintiff's prayer, and the third and fourth prayers of the defendant, his fifth prayer being conceded, and rejected his first, second, sixth, seventh, and eighth prayers. The defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was argued before ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, and BRYAN, J.

*Thomas Foley Hiskey*, and *Edward Otis Hinkley*, for the appellant.

The cases are numerous to show that qualified promises may be good if definite; but there is no case to show that such an indefinite promise as to pay *some* was ever held good for anything, still less that a promise to pay some could be held to be a promise to pay all.

If the acknowledgment be accompanied by such qualifying expressions or circumstances as to repel the idea of an intention or contract to pay, no implied promise is created. *Stockett vs. Sasscer*, 8 *Md.*, 375.

The acknowledgment must be taken as a whole, and *it cannot be disproved* as to any part; offered by the

plaintiff as his proof, he will not be allowed to adopt the admission and reject the qualification.   *Higdon vs. Stewart*, 17 *Md.*, 111.

So a promise to pay even a certain definite part is good only *pro tanto.   Dodge vs. Leavitt*, 59 *N. H.*, 245 ; *a fortiori*, a mere promise to pay *some.   Oliver vs. Gray*, 1 *Harris & Gill*, 218.

An acknowledgment that will revive the original cause of action must be unqualified and unconditional.   It must show positively that the debt is due in whole or in part. *Wetzell vs. Bussard*, 11 *Wheat.*, 315.

That notice be sufficiently waived, it is necessary to prove that promise was made in ignorance of the legal effect of holder's laches.   *Fleming vs. McClure*, 1 *Brevard*, (*S. C.*,) 428.

The only reason why a man should be held bound to fulfil a conditional promise, is that he is for some reason then able to pay, as for example, in those cases where the promise is to pay when he is able.   *Farmers' Bank vs. Clarke*, 4 *Leigh*, 603 ; *Bell vs. Morrison*, 1 *Pet.*, 350, 362 ; *Luna, Ex'r vs. Edminston*, 5 *Sneed*, 159.

Where the holder of a note receives part payment of the maker, after maturity, and before calling on the endorser, the endorser was held discharged, and the promise to pay the note without knowledge of a demand on the maker, and due notice to endorser, was not binding.   *Crain vs. Colwell*, 3 *Johns.*, (*N Y.*,) 384.

Payment of interest alone, after a debt is barred by limitations, does not revive the obligation as to the principal in the case of an ordinary debt, much less in case of an endorser, not in fact or in law liable, without a new promise, distinctly made with a full knowledge of the fact of his non-liability.   It has been decided in *Lewis vs. Brehme*, 33 *Md.*, 434, that " if no demand had been made and notice given, the defendant would be entitled to prove the omission, and the further fact that his promise or

acknowledgment had been made without knowledge of the plaintiff's neglect in this respect, and thus rebut the presumption.

An averment of due notice is not sustained by evidence of facts excusing notice ; they must be stated in the complaint. *Garvey vs. Fowler,* 4 *Sand.,* 665 ; *Anthony vs. Pittman,* 66 *Ga.,* 201.

Notice being a matter of right under, *Brandt vs. Mickle,* 28 *Md.,* 436 *and* 449, waiver must be specially proven, and cannot be inferred from collateral facts. *Tardy vs. Boyd,* 25 *Gratt.,* 631. See *Williams vs. Union Bank,* 9 *Heisk.,* 441.

To hold an endorser, who has been discharged, liable on his promise to pay, it must appear that when he made the promise he was under no mistake or misapprehension either as to the law or facts ; and that he knew he was fully discharged, by reason of the law and the facts applicable to them. The evidence must correspond with the pleadings. *Marshall vs. Haney,* 9 *Gill,* 258 ; *Turner vs. Maddox,* 3 *Gill,* 194 ; *Smith vs. Crichton,* 33 *Md.,* 107 ; *Cecil vs. Clarke,* 17 *Md.,* 508 ; *Balto. & Ohio R. R. Co. vs. State,* 41 *Md.,* 297 ; *Hoke vs. Wood,* 26 *Md.,* 461.

The defendant must have known of the non-presentation in order to hold him to a waiver. *Beck vs. Thompson,* 4 *H. & J.,* 531, (*Brantly's Ed.*) ; *Lewis vs. Brehme,* 33 *Md.,* 433 ; *Lilly vs. Petteway,* 73 *N. C.,* 358 ; *Ford vs. Dallam,* 3 *Coldw., (Tenn.,)* 67 ; *Thornton vs. Wynn,* 12 *Wheat.,* 183 ; *Hazelton vs. Colburn,* 1 *Robertson, (N. Y.,)* 345 ; *Butler vs. Morrison,* 18 *La. Ann.,* 363.

Promise or acknowledgment must be unqualified and unconditional. *Wetzel vs. Bussard,* 11 *Wheat.,* 310 ; *Moore vs. Bank of Columbia,* 6 *Peters,* 92. The claim must be acknowledged as still due. *Clementson vs. Williams,* 8 *Cranch,* 72. It must be a present subsisting debt, which party is willing to pay. *Bell vs. Morrison,* 1 *Peters,* 351, 362 ; *Eckford vs. Evans,* 56 *Miss.,* 18.

Turnbull vs. Maddux.

Language must be unequivocal. *Currier vs. Lockwood*, 40 *Conn.*, 349; 46 *N. J. L.*, 244; *Sedgwick vs. Gerding*, 55 *Ga.*, 264; 69 *Ill.*, 127; *Denny vs. Marrett*, 29 *Minn.*, 361; *Mullett vs. Shrump, et al.*, 27 *Ill.*, 107.

Action cannot be sustained upon qualified promise, unless brought within qualification. *Robbins vs. Otis*, 3 *Pick.*, 4.

*Randolph Barton*, and *Skipwith Wilmer*, for the appellee.

Ignorance on the part of the endorser of his *legal* rights will not destroy the effect of the waiver. Admission of liability, &c., amount to waiver of demand and notice. *Creshire vs. Taylor*, 29 *Iowa*, 493.

Evidence that after the note fell due the defendant promised to pay it, is admissible with other evidence as tending to show a waiver of demand or notice. *Harrison vs. Bailey*, 99 *Mass.*, 620; *Matthews vs. Allen*, 16 *Gray*, 594.

The notion that the defendant must not only know the laches, but the legal consequences is exploded. *Tebbetts vs. Dow*, 23 *Wend.*, 379, 386.

Where a promise to pay is made by the endorser of a bill with the full knowledge of the facts, and he is aware that he had no notice of the dishonor, that is equivalent to agreeing that he will not take advantage of the want of notice. *Woods vs. Dean*, 3 *Best & Smith*, 107.

If an endorser with the knowledge that the holder of a promissory note has not used due diligence in demanding payment of the maker, promise to pay the amount of the note, such promise is a waiver of the holder's neglect. *Beck vs. Thompson*, 4 *H. & J.*, 428, (*Brantly's Ed.*); *Lewis vs. Brehme*, 33 *Md.* 433.

A promise to pay will certainly dispense with proof of presentment and notice, and will throw on the defendant the double burden of proving laches, and that he was ignorant of it. *Byles on Bills*, (14 *Ed.*,) 250; *Cordery vs.*

Turnbull *vs.* Maddux.

*Colvin,* 14 *C. B. N. S.,* 373. It makes no difference that such promise was made in ignorance of the law. *Story on Bills, p.* 366, *sec.* 320; *Story on Promissory Notes,* 498; *Schmidt vs. Radcliffe,* 4 *Strob.,* 299.

Whether the endorser had knowledge may be inferred from the connection between the parties, their near relation and the deep interest, &c. *Martin vs. Winslow,* 2 *Mason,* 243; *Blodgett vs. Durgin,* 32 *Vt.,* 367; 1 *Parsons on Notes and Bills, p.* 602.

The want of notice as a defence by the endorser is *stricti juris,* and frequently works no injury to the endorser. *Higgins vs. Morrison,* 4 *Dana,* 103.

There is thrown on the defendant the burden of proving the laches of the holder, and that the defendant was ignorant of the facts at the making of the promise. *Oxnard vs. Varnum,* 111 *Penn.,* 203.

STONE, J., delivered the opinion of the Court.

We do not perceive any material error in the law enunciated by the lower Court in this case. The suit was brought by the holder of a promissory note against an endorser. The note was not protested at maturity, but the plaintiff based his right of recovery upon the fact that the defendant promised to pay the note after its maturity, and with full knowledge of the fact that the note had not been presented for payment at maturity, and that no notice had been given him of its non-payment.

Notice of the non-payment of a note at its maturity is the privilege of the endorser, but it is a right which he may waive, and he is considered to have waived his privilege, if with the knowledge of that fact he promises to pay the note. *Beck vs. Thompson,* 4 *Harr. & J.,* 531; *Lewis vs. Brehme,* 33 *Md.,* 412.

It is equally clear that in determining the fact of such knowledge, and especially in a case like the present, where the evidence on the point was conflicting, the jury

had the right to consider the relationship of the drawer to the endorser, and the other facts set out in the plaintiff's prayer. 1 *Parsons on Bills and Notes*, 602 ; *Martin vs. Winslow*, 2 *Mason*, 243 ; *Blodgett vs. Durgin*, 32 *Vermont*, 367.

The doubtful question in this case seems to us to be rather a question of fact than of law. The defendant was an indorser on a promissory note overdue for more than three years, and which had not been protested, and notice of the non-payment given to the endorser, and the question for the jury to determine was under the instructions of the Court, whether the defendant, with the knowledge of the fact of the want of protest and notice promised, within three years before the suit brought, to pay the same. The Court below in granting the plaintiff's prayer, and the third, fourth and fifth prayers of the defendant, gave the defendant the benefit of all the law that he was entitled to. The Court told the jury in these instructions that the plaintiff could not recover unless the jury found that the defendant knew the note had not been protested, and after he had such knowledge and within three years before suit brought, he promised to pay the same. These instructions certainly stated the law as favorably to the defendant as he had the right to ask, and covered the whole case.

The evidence on the part of the plaintiff, given by himself, was in part this :

"I went to Mr. Turnbull (the defendant endorser) to get the interest on the note, and told him the interest on the note had not been paid. Mr. Turnbull gave me $100. He asked me what I wanted. I told him I wanted $100. He then asked me if that was enough. I told him yes, that was all I wanted then ; I told him I wanted the note. He said he had a house to sell. I told him I wanted the money for the note, and he said he wanted time so as he could sell his house, and he would let me have the money then."

Turnbull *vs.* Maddux.

The defendant did subsequently sell the house in which he was then living, and the title to which seemed to have been in his wife, and for more than enough to pay the note.

We have referred to so much of the testimony to show that even if the promise was a conditional one, as the defendant supposes, but which we do not mean to decide, the condition happened and the promise became absolute.

This disposes, we think, of the third bill of exceptions.

The second exception is wholly untenable, without reference to the Evidence Act, which would, in any event, make the testimony of the witness Buck admissible. The object of the cross examination of the defendant, Turnbull, was to elicit his knowledge of the financial condition of the drawer of the note, and his ability to pay it when it matured. This is one of the circumstances which we have already said the jury could take into consideration upon the question of knowledge of the endorser of the non-payment of the note, and is therefore not irrelevant. In the course of his cross-examination, the witness denied that he had been told by Buck that the drawer was cutting into his capital. It was then clearly competent for the plaintiff to contradict and discredit the witness by the testimony of Buck, who proved that he did so tell the witness, and we find no error in this exception. The first exception is as follows: The plaintiff proved that the maker of the note given in evidence had paid the interest on it semi-annually up to January, 1884. The defendant objected to that evidence as inadmissible for the purpose of preventing the bar of the Statute, or for the purpose of fixing any liability upon the defendant, and this objection the Court sustained, with the following modification :

"Further than as tending to show the identity of the note for which the interest was demanded of the defendant, with the note which the defendant had endorsed

several years before," and this modification the defendant excepted to.

The wording of this modification is rather singular, and its meaning somewhat obscure. We take it to mean, that the jury might find that the note upon which the payments of interest were made was the same note that the defendant had endorsed, and that the payment of interest had a tendency to show that fact.

What possible benefit this modification, as it is termed, could be to the plaintiff, or what possible injury to the defendant, we are unable to see.

The exception states that the note had been given in evidence, and if so, as a matter of course, the endorsement was either proved or admitted, and the plaintiff then proceeded to offer evidence that the interest on that note up to a certain time had been paid by the drawer. That it was the same note upon which the defendant was sued as endorser was a patent fact shown by the note itself, and we cannot see how the payment of interest on it shed any light on the identity of the note. But as we are of opinion that no injury was done to the defendant, we will not reverse upon this.

*Judgment affirmed.*

(Decided 15th March, 1888.)